# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

In Re
2408 W KENNEDY LLC
d/b/a The Kennedy,

    Debtor.

_____

2408 W KENNEDY LLC; and
THE TOHO GROUP, LLC,

    Appellants,

v.                                                                    CASE NO:  8:17-cv-617-JSM

N. RUSSELL SHENK, as Successor Trustee
of the Irene Whitaker Living Trust,

    Appellee.

_____/

## ORDER

THIS CAUSE comes before the Court upon Appellee's Motion to Dismiss Appeal as

Moot and Memorandum of Law in Support (Dkt. #4) and Appellants' Response to

Appellee's Motion to Dismiss Appeal as Moot (Dkt. #14).  Upon review and consideration,

the motion is denied.

This bankruptcy appeal concerns the interpretation of a Mediation Settlement

Agreement ("MSA") and the interplay between the MSA and a Lease Agreement.  Under the

MSA, Appellee N. Russell Shenk, as Successor Trustee of the Irene Whitaker Living Trust,

was granted a mortgage encumbering a 1200 sq. foot building on Platt Street, in Tampa, Florida, that the debtor used as an administrative office. The bankruptcy court concluded that the existing Lease Agreement was subordinate to the Shenk mortgage. The bankruptcy court also concluded that Shenk was not required to sign a non-disturbance agreement pursuant to Section 9.3 of the Lease Agreement.

The bankruptcy court's Order Subordinating Lease to Mortgage, which is the subject of this appeal, was entered on February 24, 2017. On March 2, 2017, the closing on the sale occurred and the transaction contemplated by the Order was consummated. Appellants filed this appeal on March 10, 2017. Appellee now argues that this appeal is moot and should be dismissed because the closing has occurred and the transaction is now complete. The Court disagrees that the closing moots this appeal.

As Appellants point out in their response, they are not seeking to rescind a transaction. The relief they are seeking is a determination and order that Shenk, as Mortgagee, is required to sign a non-disturbance agreement pursuant to Section 9.3 of the Lease Agreement. If this Court reverses the bankruptcy court—which it expresses no opinion on at this time since the parties' briefs have not been filed yet—the relief of requiring Shenk to sign a non-disturbance clause is certainly available. And this potential relief does not reverse any part of the Plan or compromise the integrity of any action taken by others in reliance on the Plan. Thus, this appeal is not moot and should proceed on the merits.

It is therefore ORDERED AND ADJUDGED that the Appellee's Motion to Dismiss

Appeal as Moot (Dkt. #4) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on May 22, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record